IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROSE HERSH,   No. C -11-03289 EDL

       Plaintiff,   **ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

  v.

NATIONAL FOUNDATION LIFE INSURANCE COMPANY f/k/a NATIONAL FINANCIAL LIFE INSURANCE COMPANY,

       Defendant.
_____/

In this action brought pursuant to a long term care insurance policy, Plaintiff alleges that Defendant wrongfully denied benefits under the policy.[1] Defendant filed a motion for summary judgment, arguing that Plaintiff's claims are barred under California's statute of limitations. Plaintiff opposed the motion, arguing that Florida law applies and that her claims are not time-barred. On January 31, 2012, the Court held a hearing on Defendant's motion. For the reasons stated at the hearing and in this Order, Defendant's motion is denied.

**Background**

In 1996, Plaintiff Rose Hersh applied for and was issued a Limited Benefit Home Health Care Insurance Policy with National Financial Insurance Company (NFIC). Kragel Decl. Ex. A. The policy was neither approved for sale nor offered for sale in California. Chandler Decl. Ex. A at 3.

The Home Health Care benefit provision of the policy stated: "We will pay actual charges for each day Home Health Care is received, up to the Maximum Weekly Home Health Care benefit

---

[1] Plaintiff Rose Hersh passed away last fall, and her son, the administrator of her estate, is now the plaintiff in this case.

1 shown in the Schedule." Kragel Decl. Ex. 1 at 9. The policy further stated that: "To qualify for
2 Home Health Care Benefits: (1) Your physician must certify that your treatment is medically
3 appropriate; and (2) for treatment plans requiring services during a period of 30 or more days, you
4 must have a cognitive impairment or be unable to perform at least 2 of the 5 activities of daily
5 living; We may require that your physician certify this; and (3) the care or services must be provided
6 through a Home Health Care Agency; and (4) the charges must be incurred while the policy is in
7 force." Id. The policy defines "Home Health Care" as "professional and/or basic services provided
8 by or through a Home Health Care Agency and while you are not confined to any facility or
9 institution which provides health care to any degree including a hospital, nursing home, or an
10 assisted living facility." Id. at 6.

11 In 1996, Ms. Hersh lived in Margate, Florida. Hersh Decl. ¶ 2. She paid the premiums
12 under the policy while residing in Florida until 2007 when she moved to California. Id.; Kragel
13 Decl. Ex. 2 at 4; Kragel Decl. Ex. 10 at 2. All of Ms. Hersh's claims for services received in Florida
14 were paid. Turner Decl. ¶ 8. According to Plaintiff, Ms. Hersh continued to receive the same
15 medically necessary care in California as she did in Florida where it was covered under the policy.

16 In a letter dated March 31, 2007, Plaintiff's son submitted a claim for services rendered to
17 Ms. Hersh by the Reutlinger Community for Jewish Living in Danville, California. Kragel Decl. Ex.
18 2. He sought coverage in the amount of $655.20 for medical management services rendered to Ms.
19 Hersh during March and April 2007 at Ruetlinger. Id. On April 5, 2007, NFIC sent an Explanation
20 of Benefits (EOB) for services in January 2007 and from February to April 2007 to Ms. Hersh,
21 denying payment of claims and stating: "Does not meet home health care benefit. No benefit due -
22 not a listed policy benefit." Id. at Ex. 3. Mr. Hersh asserts that he did not know that the claim for
23 care at Ruetlinger had been denied. Hersh Decl. ¶ 5. Thereafter, in March 2008, Mr. Hersh sent a
24 letter, along with the original claim submission and additional bills for home health care, to National
25 Foundation Life Insurance Company seeking payment of the claim. Hersh Decl. ¶ 5.

26 In the interim, on October 4, 2007, NFIC wrote to Ms. Hersh and stated that National
27 Foundation Life Insurance Company (NFL), a Texas entity, agreed to replace NFIC as her insurer
28 under the policy effective October 1, 2007. Kragel Decl. Ex. 4; Turner Decl. ¶ 6.

2

1     In May 2010, Plaintiff initiated an action against "Freedom Life Insurance Company of
2 America f/k/a National Foundation Life Insurance Company f/k/a National Financial Life Insurance
3 Company" in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County, Florida.
4 Kragel Decl. Ex. 5-7. Defendants filed a Motion to Dismiss the Florida action on the grounds of
5 improper venue and/or forum non conveniens. Aronson Decl. ¶ 3; Ex. A. Defendants also requested
6 that discovery be limited to issues relevant to its Motion to Dismiss for improper venue and/or
7 forum non conveniens. Aronson Decl. ¶ 2. The Florida court grated that request and there was no
8 merits discovery taken in Florida. Id.

9     On February 23, 2011, Plaintiff deposed Defendant's corporate representative, Joan Turner.
10 Kragel Dcl. Ex. 8. Ms. Turner testified that NFIC no longer existed. Id. at 10-11. She also testified
11 that Defendant is a Texas corporation with no offices or agents in Florida. Id. at 20-21. Ms. Turner
12 testified that Defendant "stopped writing any new business in Florida in 2001," and that NFL
13 assumed NFIC's obligations in 2007. Id. at 19, 28. After a hearing on March 31, 2011, the Florida
14 court granted Defendants' motion to dismiss on the ground of improper venue and, in the alternative,
15 forum non conveniens.

16     On July 5, 2011, Plaintiff filed this action against "Freedom Life Insurance Company of
17 America f/k/a National Foundation Life Insurance Company f/k/a National Financial Life Insurance
18 Company." Kragel Decl. Ex. 9. On September 7, 2011, Plaintiff filed a first amended complaint
19 naming only "National Foundation Life Insurance Company f/k/a National Financial Life Insurance
20 Company" as a defendant. Id. Ex. 10. Plaintiff's complaint alleges claims for breach of contract
21 and breach of the implied covenant of good faith and fair dealing.

22 **Legal Standard**

23     Summary judgment shall be granted if "the pleadings, discovery and disclosure materials on
24 file, and any affidavits show that there is no genuine issue as to any material fact and that the
25 movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). Material facts are those
26 which may affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
27 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury
28 to return a verdict for the nonmoving party. Id. The court must view the facts in the light most

favorable to the non-moving party and give it the benefit of all reasonable inferences to be drawn from those facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The court must not weigh the evidence or determine the truth of the matter, but only determine whether there is a genuine issue for trial. Balint v. Carson City, 180 F.3d 1047, 1054 (9th Cir. 1999).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. Id. If the moving party meets its initial burden, the opposing party "may not rely merely on allegations or denials in its own pleading;" rather, it must set forth "specific facts showing a genuine issue for trial." See Fed. R. Civ. P. 56(e)(2); Anderson, 477 U.S. at 250. If the nonmoving party fails to show that there is a genuine issue for trial, "the moving party is entitled to judgment as a matter of law." Celotex, 477 U.S. at 323.

**Discussion**

**Defendant is barred by judicial estoppel from asserting the statute of limitations defense**

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001) (citing, e.g., Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 600-601 (9th Cir.1996)). "This court invokes judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of 'general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.'" Hamilton, 270 F.3d at 783 (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir.1990)).

A court "may" consider three factors in deciding whether to exercise its discretion in

4

1  applying judicial estoppel: (1) ". . . a party's later position must be 'clearly inconsistent' with its
2  earlier position" (Hamilton, 270 F.3d at 782); (2) the party must have "succeeded in persuading a
3  court to accept that party's earlier position, so that judicial acceptance of an of an inconsistent
4  position in a later proceeding would create 'the perception that either the first or the second court
5  was misled'" (Id.); and (3) the court must determine "whether the party seeking to assert an
6  inconsistent position would derive an unfair advantage or impose an unfair detriment on the
7  opposing party if not estopped" (Id. at 783). See also New Hampshire v. Maine, 532 U.S. 742,
8  750-51 (2001). This is not an inflexible standard, or an "exhaustive formula for determining the
9  applicability of judicial estoppel." Hamilton, 270 F.3d at 783.

10       Judicial estoppel is only applied in cases where the court relied on, or accepted, the party's
11 previous inconsistent position. See id. (citing Interstate Fire & Casualty Co. v. Underwriters at
12 Lloyd's, London, 139 F.3d 1234, 1239 (9th Cir.1998)). "The application of judicial estoppel is not
13 limited to bar the assertion of inconsistent positions in the same litigation, but is also appropriate to
14 bar litigants from making incompatible statements in two different cases." Id. (citing Rissetto v.
15 Plumbers & Steamfitters Local 343, 94 F.3d 597, 605 (9th Cir.1996) ("We now make it explicit that
16 the doctrine of judicial estoppel is not confined to inconsistent positions taken in the same
17 litigation")).

18       Plaintiff argues that Defendant is judicially estopped from asserting the statute of limitations
19 bar because in the Florida action, Defendant represented to the Florida court in its motion to dismiss
20 that California was an alternative forum for this case, yet in this action, Defendant argues that
21 Plaintiff's action is barred in California. Under the forum non conveniens doctrine, a court may
22 only dismiss an action if there is an alternative forum for the action, and a forum is generally
23 suitable if there is jurisdiction and no statute of limitations bar to hearing the case on the merits.
24 American Cemwood Corp. v. American Home Assur. Co., 87 Cal.App.4th 431 (2001) ("The
25 availability of a suitable alternative forum for the action is critical. As noted by the United States
26 Supreme Court: "In all cases in which the doctrine of forum non conveniens comes into play, it
27 presupposes at least two forums in which the defendant is amenable to process; the doctrine
28 furnishes criteria for choice between them." (Gulf Oil Corp. v. Gilbert, supra, 330 U.S. 501,

5

506–507, 67 S.Ct. 839, 91 L.Ed. 1055, italics omitted.)"). In its brief to the Florida court, Defendant stated:

> If, after consideration of the first three steps of the forum non conveniens analysis, this Court determines that the balance of interests favors dismissal, this Court must entertain the final step of the analysis, ensuring "that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice." [citation omitted]. Plaintiff can certainly reinstate her lawsuit in the proper venue in the State of California or Texas, without undue inconvenience or prejudice. Thus, dismissal for forum non conveniens is proper.

Aronson Decl. Ex. A at 10. In its brief to this Court, by contrast, Defendant argues that Plaintiff's claims are untimely based on the California statutes of limitations. Thus, Defendant's current position is clearly inconsistent with its position in the Florida litigation.

Defendant argues that judicial estoppel is not applicable for two reasons. First, Defendant notes that the Florida action was dismissed based on improper venue and in the alternative, forum non conveniens, and there is no authority that a suitable forum must exist for dismissal based on improper venue. Defendant appears to be arguing that the Florida court did not rely on or accept Defendant's earlier contradictory position in ruling on the motion to dismiss. The Florida court, however, ruled on both the venue and forum non conveniens bases and did not indicate that it was relying on or accepting only some of the parties' argument in making the ruling. Absent any such indication, this Court cannot second-guess the bases for the Florida court's decision and must assume that the Florida court considered all of the parties' evidence and argument in making its decision. Defendant has cited no authority, and the Court can find none, that supports its argument that when a court makes an alternative ruling, a later court can parse that ruling for purposes of applying judicial estoppel.

Second, Defendant argues that even if the doctrine applies, none of the elements have been met here. Defendant's argument is not persuasive. As described above, Defendant's positions are clearly inconsistent and there has been no showing that the Florida court did not rely on or accept Defendant's position such that there was a perception that the Florida court was misled. Moreover, Defendant would derive an unfair advantage against Plaintiff if it was not judicially estopped from asserting its inconsistent position in this litigation. Defendant represented to the Florida court that California was a forum in which Plaintiff could timely bring her claim. Yet if the Court accepts

6

1 Defendant's current position that Plaintiff's action is time-barred, Defendant would gain an unfair
2 advantage because Defendant would essentially have foreclosed Plaintiff's ability to have this matter
3 heard. Judicial estoppel is an equitable doctrine, and although it is "an extraordinary remedy to be
4 invoked when a party's inconsistent behavior will otherwise result in a miscarriage of justice,"
5 (Haley v. Dow Lewis Motors, 72 Cal.App.4th 497, 511 (1999)), the elements of judicial estoppel
6 have been met in this case. Therefore, Defendant is estopped from asserting its statute of limitations
7 defense in this case, and its motion for summary judgment is denied. Accordingly, the Court need
8 not reach the additional grounds for summary judgment raised by Defendant.

**Conclusion**

Defendant is judicially estopped from asserting the statute of limitations as a basis to bar Plaintiff's claims. Thus, Defendant's motion for summary judgment is denied.

**IT IS SO ORDERED.**

Dated: February 6, 2012

ELIZABETH D. LAPORTE
United States Magistrate Judge